JOHN E. SMITH
COLIN M. STEPHENS
Smith & Stephens, P.C.
315 W. Pine
Missoula, MT 59802
Phone: (406) 721-0300
john@smithstephens.com
colin@smithstephens.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| UNITED STATES OF AMERICA, | Cause No. CR 17-77-BLG-SPW |
|---|---|
| Plaintiff, | |
| v. | **BRIEF IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION TO CONTINUE ALL DEADLINES** |
| JOHN HENRY SCHNEIDER, | |
| Defendant | |

## INTRODUCTION

The Defendant, John Henry Schneider, has filed an Unopposed Motion to Continue all deadlines in this matter, including the trial date. Currently, the deadlines in this case are as follows: motions due by October 30, 2017; Motion for setting a Change of Plea Hearing due by December 1, 2017; and trial scheduled for December 11, 2017.

Last week, the Government provided the Defendant with well over 23,000 pages of discovery.  Defense counsel has worked diligently to process the Government's discovery to file in a searchable format, running Adobe OTR on the individual .pdf files for two and a half full work days.  The processing of the files is near completion, but three corrupted files have delayed completion of that work.  Defense counsel is currently working with the Government to coordinate receiving functioning copies of those files.  As such, defense counsel has not yet been able to even begin reviewing the voluminous discovery.

The offenses charged against the Defendant also include 5 counts related to the Defendant's Chapter 7 Bankruptcy filing that included numerous assets and multiple businesses in different states.  With these facts, Defense counsel will need time to review the Defendant's files for anything relevant to the above-named matter, so it can disclose these to the Government under its shared duty of discovery.

Beyond reviewing the 23,000 pages of the Government's discovery, Defense counsel expects to work to meet its duties of discovery, conduct witness interviews, draft and file any appropriate pre-trial motions, and prepare for trial.   The Government already

estimates that it will need 4 days just for its case in chief. Defense counsel cannot yet even estimate the time it will need to mount an adequate defense at trial. Therefore, the Defendant requests a 60-day extension of all deadlines in this matter, including the trial date.

## ARGUMENT

The Speedy Trial Act (the Act) excludes certain periods of time from computation of time under the Act. One type of period is continuances granted at the request of the defendant or his counsel. *18 U.S.C. § 3161(7)(A)*. Such continuances are excluded under the Act if the Court finds that the requested continuance serves the ends of justice and that those ends outweigh the best interest of the public and the defendant in a speedy trial.

Among the factors a court must consider when determining to grant a continuance under *§ 3161(7)(A)* are: (i) whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice; (ii) whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect

adequate preparation for pretrial proceedings or for the trial itself within the time limits established by the Act, or (iv) whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii) would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *18 U.S.C. § 3161(h)(7)(iv).*

Counsel in this matter has thus far exercised due diligence. However, the sheer volume of information necessitates additional time to further exercise that diligence.

As noted above, the Government's discovery exceeds 23,000 pages, and from the discovery provided, the Government appears to have commenced its investigation at least as early as February 2017. The investigation also appears to have focused on over a dozen different businesses, trust accounts, and bank accounts in addition to the bulk of the Chapter 7 Bankruptcy proceedings. It is simply impossible for defense counsel to adequately prepare for this case under the current schedule. The ends of justice necessitate the requested continuance to

allow counsel adequate time to review discovery, interview witnesses, and prepare for motions and a possible trial.

An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Act "only if the district court finds certain findings enumerated in [§3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 202 (2010). Therefore, Defense counsel requests 60-day continuance of all deadlines.

## **CONCLUSION**

This matter is a complicated and document intensive case that the Government has spent nearly a year investigating. It also includes questions of fact regarding Bankruptcy proceedings that lasted years and involved nearly a dozen businesses. If convicted, the Defendant faces significant exposure to his liberty and any exempt assets. Given these possible penalties and the complexity of the case, the Defendant respectfully request this Court grant his Unopposed Motion to Continue.

Respectfully submitted this 17th day of October, 2017.


 /s/ Colin M. Stephens                     /s/ John E. Smith
Colin M. Stephens                  John E. Smith
SMITH & STEPHENS, P.C.             SMITH & STEPHENS, P.C.
Co-Counsel for Defendant           Co-Counsel for Defendant