FILED

MAR 27 2018

Clerk, U S District Court
District Of Montana
Billings

**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17-77-BLG-SPW |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| JOHN HENRY SCHNEIDER, | |
| Defendant. | |

    Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States, represented by Assistant U.S. Attorney Colin M. Rubich, and the defendant, John Henry Schneider, and his attorney, John Smith, have agreed upon the following:

    1.    **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other

AUSA    DEF ATTY    Date: 3/27/18    Page 1

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to count III of the indictment. Count III of the indictment charges the crime of concealment of bankruptcy assets in violation of 18 U.S.C. §152(1). This offense carries a maximum punishment of five years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

At the time of sentencing, the United States will move to dismiss counts I-II and IV-V of the indictment, if the Court accepts this plea agreement.

3. **Nature of the Agreement:** This plea agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (B). The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, counts I-II and IV-V of the indictment; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts I-II and IV-V are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

AUSA  DEF ATTY  Date 3/27/18

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of count III contained in the indictment. In pleading guilty, the defendant acknowledges that:

**First**, there was a bankruptcy proceeding;

**Second**, U.S. Bank account number 1-500-9160-2881, containing approximately $309,686.00, was ultimately identified as an asset that belonged to the bankrupt estate;

**Third**, the defendant knowingly concealed the above identified asset from the United States Trustee who was charged with control or custody of such property; and

**Fourth**, his concealment of the identified asset was an act of fraud committed during the course of his bankruptcy.

5. **Waiver of Rights by Plea:**

    (a)  The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

    (b)  The defendant has the right to plead not guilty or to persist in a plea of not guilty.

    (c)  The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d)     The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)     If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant

would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph.

The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The Parties jointly agree that the applicable guideline in this case is USSG §2B1.1. The parties jointly agree that the base offense level shall be 18 in accordance be §2B1.1(b)(1)(J) and that the defendant shall receive a two-level increase in accordance with §2B1.1(b)(9)(B). This yields an adjusted offense level of 20. The parties jointly agree that no other additions or subtractions shall be applied to the Guidelines with the exception of points given for acceptance of responsibility pursuant to USSG §3E1.1(a) and (b).

The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

Additionally, the United States agrees to recommend a sentence at the low end of the calculated Guideline range. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by these recommendations.

| | | | |
|---|---|---|---|
| zbb | | | 3/27/18 |
| AUSA | DEF | ATTY | Date |

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – Conditional:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). The prosecution has a comparable right of appeal. 18 U.S.C. § 3742(b). By this agreement the defendant waives the right to appeal any aspect of the sentence, including conditions of probation or supervised release, if the sentence imposed is within or below the guideline range calculated by the Court, regardless of whether the defendant agrees with that range. The United States waives its right to appeal any aspect of the sentence if the sentence imposed is within or above the guideline range calculated by the Court. The restitution order is not included in the waiver specified in this section.

The defendant also waives the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to

induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(1), the defendant acknowledges that he will be detained upon conviction unless the Court finds, by clear and convincing evidence, that he will not likely flee or pose a danger to the community. Assuming that the defendant is in full compliance with the conditions of his release at time of the change of plea, the United States agrees not to move for detention and will leave the issue to the discretion of the court.

11. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

12. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement:

//

_zbL_ / _3/27/18_
AUSA / DEF ATTY / Date

//

//

//

//

      KURT G. ALME
      United States Attorney

s/  _____
      COLIN M. RUBICH
      Assistant U. S. Attorney
      Date: 3/27/18

_____
JOHN HENRY SCHNEIDER
Defendant
Date: 3/23/2018

_____
JOHN SMITH
Defense Counsel
Date: 03.26.18