**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX:    (406) 657-6989
E-Mail: Colin.Rubich@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 17-77-BLG-SPW** |
| Plaintiff, | |
| vs. | **OFFER OF PROOF** |
| **JOHN HENRY SCHNEIDER,** | |
| Defendant. | |

The United States of America, represented by Assistant United States Attorney Colin M. Rubich, files its offer of proof in anticipation of the change of plea hearing set in this case on April 18, 2018.

1

## THE CHARGE

The defendant, John Henry Schneider, is charged by indictment with two counts of false statement under oath in relation to a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2), two counts of concealment of bankruptcy assets, in violation of 18 U.S.C. § 152(1), and one count of fraudulent transfer of assets in relation to a bankruptcy proceeding, in violation of 18 U.S.C. § 152(7).

## PLEA AGREEMENT

There is a plea agreement in this case. The defendant will plead guilty to Count III. At the time of sentencing, the United States will move to dismiss Counts I, II, IV, and V of the indictment, if the Court accepts the plea agreement. The plea agreement filed with the Court represents, in the government's view, the most favorable offer extended to the defendant. *See Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS OF THE CHARGE

In order for Schneider to be found guilty of Count III, concealment of bankruptcy assets, in violation of 18 U.S.C. § 152(1), the United States must prove each of the following elements beyond a reasonable doubt:

**First**, there was a bankruptcy proceeding;

**Second**, U.S. Bank account number 1-500-9160-2881, containing approximately $309,686.00, was identified as an asset that belonged to the bankrupt estate;

**Third,** the defendant knowingly concealed the above identified asset from the United States Trustee who was charged with control or custody of such property; and

**Fourth,** the defendant's concealment of the identified asset was an act of fraud committed during the course of his bankruptcy.

## PENALTY

Count III of the indictment carries a maximum penalty of five years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

On December 12, 2014, John Henry Schneider declared bankruptcy. Prior to this declaration, Schneider had convinced another individual, identified here as K.B., to open U.S. Bank account number 1-500-9160-2881 in K.B.'s name. Though it was in K.B.'s name, the bank account remained completely in Schneider's control. Between the time that the account was opened and December 12, 2014, Schneider deposited approximately $539,736.22 into the count. These assets belonged to Schneider.

3

When Schneider declared bankruptcy on December 12, 2014, there was $309,686.00 remaining in the account. Once bankruptcy was declared, this bank account and the monies it contained were assets that rightfully belonged to the bankrupt estate. As such, Schneider should have declared these assets on the Statement of Financial Affairs which was filed when Schneider declared bankruptcy. Schneider failed to do this. Schneider was fully aware of these assets and had access to them during this time.

During the course of the bankruptcy, Schneider was repeatedly given opportunities to disclose this bank account and other assets that belonged to him, but he failed to do so. On January 23, 2015, Schneider was asked if the Statement of Financial Affairs was accurate and complete. Schneider incorrectly said that it was in an effort to conceal the bank account. Eventually, K.B., concerned that he/she could be involved in illegal activity, closed the account a turned over the remaining assets to Schneider via a check. Though this account closure occurred during the bankruptcy proceedings, this check and the assets were not turned over to the bankruptcy trustee and were never disclosed by Schneider.

//

//

//

DATED this 17th day of April, 2018.

                              KURT G. ALME
                              United States Attorney

                              */s/ Colin M. Rubich*
                              COLIN M. RUBICH
                              Assistant U.S. Attorney