John H. Michael Schneider, Jr.
543 Camino De Orchidia
Encinitas, CA 92024
760-828-0754
omnineuro@live.com
Pro Se Defendant-Appellant

**FILED**

AUG 27 2018

Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff – Appellee, | ) D.C. No. CR 17-77-BLG-SPW<br>) U.S. District Court for Montana,<br>) Billings |
| vs. | ) |
| John H. Michael Schneider, Jr., | ) **APPELLANTS'**<br>) **NOTICE**<br>) **OF APPEAL** |
| Defendant – Appellant. | ) |

Pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), Defendants-Appellant John H. Michael Schneider Jr. ("Defendant/Appellant") does hereby notify Plaintiff-Appellee United States of America of Appellant's appeal of the District Court's Judgment in a Criminal Case filed on August 16, 2018, and does hereby state the following:

1. Transcripts

Appellant intends to order any transcripts from the District Court proceedings in this case pursuant to 18 U.S.C. § 3742(d). Appellant will seek to have the entire record to-date brought before the Ninth Circuit.

2. Issues on Appeal

Appellant Schneider was not provided his Sixth Amendment constitutional right to effective assistance of counsel by defense counsel John Smith throughout Smith's involvement in the litigation of CR 17-77-BLG-SPW. In particular, Appellant Schneider was denied his constitutional right to effective assistance of counsel arising from the erroneous, deceptive, inaccurate, biased, and prejudicial Sentencing Memorandum and subsequent sentencing allocution by the U. S. Government and the witnesses called by the U.S. Government in support of the Appellee's victim impact statement at sentencing.

Defense counsel further demonstrated ineffective assistance of counsel by failing to object and defend Appellant throughout the inaccurate and spurious testimony of bankruptcy trustee Joseph Womack, personal injury attorney Jon Moyers, and the alleged victims of Appellant's crime of bankruptcy asset concealment, who were the relatives of a past medical patient, Russell Monaco, of Appellant Schneider. The relatives of Monaco wrongly claimed that Appellant Schneider committed medical malpractice but refused to adjudicate their case and seek judgement against Schneider. Accordingly, their testimony that they were victims of Appellant's concealment of assets from the bankruptcy estate is misleading and biased the sentencing proceeding against Appellant Schneider, for which Schneider's attorney Smith failed to object or otherwise defend Appellant.

Defense counsel Smith had ample time and resources, and was instructed by Appellant Schneider, to obtain and prepare a defense based on the records and

other documentation of Appellant's past civil and administrative conflicts that would mitigate against the false allegations, mischaracterizations, and deceptive testimony entered into the record by adverse parties in the pre-sentencing submissions (e.g., the Presentence Investigation Report (PSR) and the U.S. Sentencing Memorandum) and at the sentencing hearing. This lack of preparation, inadequate rebuttal, and failure to object to the proffered testimony substantially prejudiced Appellant Schneider after Appellant Schneider and Schneider's previous legal and accounting representatives had provided extensive mitigating and rebuttal evidence to counsel Smith.

This mitigating and rebuttal evidence that Smith failed to present included evidence that addressed allegations in the *Biles v. Schneider* litigation, evidence relating to the management of Schneider's captive insurance company Northern Rockies Insurance Company ("NRIC"), evidence substantially rebutting the Monaco family's claim that Appellant committed medical malpractice, and extensive evidence of Schneider's compliance and accurate representations in his Chapter 7 bankruptcy proceedings, except for Appellant lack of disclosure of a single bank account that was in the possession and control of a third party trustee, K.B., who managed Appellant Schneider's childrens' irrevocable trusts during the litigation of CR 17-77-BLG-SPW.

Appellant Schneider predicted and forewarned defense counsel Smith to prepare for the exact mischaracterizations of past civil and administrative conflicts that the Appellee used to taint the Honorable Watters' opinion of Appellant

Schneider's ethics and character, inferring that Schneider was guilty of extensive past criminal planning, activity, and *mens rea*, despite Appellant Schneider having never been charged for any previous crime or ever having a judgement of civil liability entered against him in the *Biles, Monaco* or NRIC matters. The Honorable Watters was misled by Appellee, during which counsel Smith consistently failed to rebut, resuscitate, or object to numerous statements by the prosecutor and the called witnesses, and therefore Judge Watters accepted the Appellee's and witnesses' misleading arguments as findings of fact.

Ineffective counsel Smith failed to comprehend the significance of past issues in Appellant's history of practicing high risk surgery in Montana and Wyoming, and thus failed to assert mitigating factors in support of Appellant, and by failing to object, defense counsel Smith allowed Appellee's false characterizations to unfairly prejudice the District Court's sentencing. Accordingly, Appellant's mitigation evidence was never entered into the Court's records despite Appellant's insistence that counsel Smith do so. Without Smith's presentation of mitigating evidence, the District Court could not render a fair, non-prejudicial, and objective review of the single criminal act affirmed in Appellant's Plea Agreement.

Moreover, the prosecution's allocution was replete with mischaracterizations and misleading testimony regarding the use of assets in Schneider's captive malpractice insurance company NRIC. Defense counsel Smith failed to object to these mischaracterizations, and thereby failed to establish a court record at sentencing which would have, at a minimum, mitigated the prosecutions'

allegations and established a finding of fact that fairly and accurately reflected Appellant Schneider's management of NRIC policies and assets.

As further evidence of ineffective counsel, when the prosecution alleged malfeasance in Appellant Schneider's management of NRIC, defense counsel scribbled a note to Schneider, just prior to his allocution, which stated: "You'll have to defend yourself on this one," referencing the mischaracterization of NRIC typified in Appellee's allegations. Having prepared an allocution statement consistent with defense counsel Smith's earlier advice, Appellant Schneider was unprepared to offer substantive mitigating testimony rebutting Appellee's spurious allegations given the complexity and extensive history pertaining to the management of NRIC.

Further evidence of ineffective counsel that prejudiced Appellant was manifest when trustee Womack opined with false and derogatory accusations regarding Appellant Schneider's behavior in the bankruptcy proceedings. The prosecution possibly misled defense counsel Smith by telling him that the prosecution would call no witnesses and that trustee Womack would not attend the sentencing hearing. As the record demonstrates, trustee Womack's presence and unchallenged testimony further caused extreme bias and severe prejudice to Appellant when the Honorable Watters considered the § 3553 factors in imposing a sentence. Defense counsel Smith at all times possessed sufficient evidence to object to Womack's testimony and thereby establish a truthful record of Appellant's conduct in the Chapter 7 bankruptcy which would have exonerated Appellant Schneider from further inferences of malfeasance and criminal behavior.

The actions and omissions by Appellant's ineffective counsel extends far beyond a simple defense strategy. Despite Appellant Schneider's multiple presentencing requests to Smith, Appellant's provision of copious documentation, and the existence of affirmative evidence to challenge the adversarial inferences and accusations presented by Appellee during sentencing, ineffective counsel Smith nonetheless failed to provide a reasonably competent defense for Appellant Schneider. Counsel Smith was, at a minimum, required to assure that the sentencing Court had adequate information to mitigate against the spurious innuendo and distorted allegations that created unwarranted prejudice and bias before the District Court judge during Appellant's sentencing.

Specifically, Defendant-Appellant intends to raise the following issues before the Ninth Circuit Court of Appeals:

1) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair sentencing hearing and application of the § 3553 sentencing factors by repeatedly failing to object to or provide mitigating evidence concerning the allegations, aspersions and misrepresentation of facts by Appellee and Appellee's witnesses regarding Appellant Schneider's actions in the *Biles v. Schneider* litigation?

2) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair sentencing hearing and application of the § 3553

sentencing factors by repeatedly failing to object to or provide mitigating evidence concerning the allegations, aspersions and misrepresentation of facts by Appellee and Appellee's witnesses regarding Appellant Schneider's management of Northern Rockies Insurance Company?

3) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair sentencing hearing and application of the § 3553 sentencing factors by repeatedly failing to object to or provide mitigating evidence concerning the allegations, aspersions and misrepresentation of facts by Appellee and Appellee's witnesses regarding Appellant Schneider's conduct in the *Monaco v. Schneider* litigation?

4) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair sentencing hearing by failing to object to the testimony or otherwise mitigate the false characterizations presented by the Monaco family and their counsel, who were not direct and proximate victims of Appellant's bankruptcy fraud?

5) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair defense by failing to object to allegations, errors, and misrepresentation of facts in the Presentence Investigation Report (PSR)?

6) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair defense by failing to object to allegations, errors, and misrepresentation of facts in the U.S. Sentencing Memorandum submitted by Appellee?

7) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair defense and sentencing hearing by failing to object to the testimony or otherwise mitigate the false characterizations in the victim impact statement and at the sentencing hearing presented by Bankruptcy trustee Womack?

8) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair defense and sentencing hearing by failing to argue mitigating factors favoring downward variance from the federal guideline sentencing recommendations as set forth in the Departure and Variance Primer authored by the Office of the General Counsel U.S. Sentencing Commission, particularly by not arguing for the application of downward departures including, but not limited to, subsections 5K2.10, 5K2.12, 5K2.13, and 5K2.20?

9) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an

unbiased and fair defense and sentencing hearing by failing to present the District Court with evidence that Appellant had already suffered extreme atypical punishment, loss of reputation and livelihood from the single criminal act affirmed in Appellant's Plea Agreement?

10) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair defense and sentencing hearing by failing to present the District Court with any cases involving defendants with similar records who have been found guilty of similar conduct? In other words, was Appellant's sentence substantively unreasonable as a result of Appellant's counsel's failure to present relevant cases of similar conduct that should have received significant weight by the District Court but did not?

11) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive an unbiased and fair defense and sentencing hearing based on the totality of the circumstances of Appellant's counsel's failure to subject the prosecution's case to meaningful adversarial testing, including counsel's egregious neglect of facts, lack of argument, failure to call character witnesses or any other witnesses, and otherwise lack of zealous representation, which caused extreme prejudice and profound bias as reflected in the District Court's records indicating that Appellant was

unreasonably sentenced based on theoretical charges of remote criminal activity that were wholly unrelated to charges in CR 17-77-BLG-SPW?

12) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive the benefit of Appellant's bargain by failing to object to Appellee's breach of the Plea Agreement when, during the prosecution's allocution, the prosecution recommended that the District Court impose a sentence beyond the low end of the calculated Guideline range?

13) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby prejudice Appellant's ability to receive the benefit of Appellant's bargain by failing to object to Appellee's breach of the Plea Agreement when the prosecutor solicited victim impact statements that suggested a higher sentence for Appellant than was otherwise agreed to in the Plea Agreement?

14) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby deprive Appellant of a voluntary and intelligent entering of the Plea Agreement by failing to advise Appellant and submit evidence to the Court indicating that the concealed bank account value at the time of Appellant's bankruptcy filing was equally owned by Michelle Schneider, the legal spouse of Appellant Schneider?

15) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby deprive Appellant of a voluntary and

        intelligent entering of the Plea Agreement by failing to establish a correct federal offense level under the Sentencing Guidelines based on the value of assets concealed that were attributable to Appellant?

16) Did Appellant's counsel's performance fall below an objective standard of reasonableness and thereby deprive Appellant of a voluntary and intelligent entering of the Plea Agreement based on Appellant counsel's advice to Appellant regarding the likelihood of success on the merits of Appellant's case?

Appellant Schneider also moves the court to stay the current sentence filed on Aug 16th, 2018 and thereby afford Schneider an extension of time to secure competent and effective counsel for Appellant's appeal and further advocacy. A stay of Appellant's sentence is fair and just as Appellant Schneider has consistently and faithfully submitted himself to the custody of the U.S. government when required to do so upon receipt of notice of the same. Appellant Schneider will not flee nor does Appellant Schneider pose any danger to the community.

This Notice of Appeal was prepared with the assistance of limited scope legal counsel Gregory Costanza, Esq. pursuant to Rule 1.2, Rule 4.2, and Rule 4.3 of the Montana Rules of Professional Conduct. Counsel Costanza is one of Appellant's past and current civil legal counselors who has agreed to provide limited assistance to Appellant given the short deadline for this Notice of Appeal and Appellant's inability to retain any criminal appellate defense counsel in this short timeframe.

Opposing counsel or other adverse parties may communicate with counsel Costanza to convey messages or other information to Appellant pending Appellant's retention of competent criminal defense counsel.

Respectfully Submitted this 27th day of August 2018

_____
John H. Michael Schneider, MD, MS-ADR
Defendant and *pro se* Appellant

## CERTIFICATE OF SERVICE

I, Gregory G. Costanza, hereby certify that on August 27th, 2018, I filed the foregoing Notice of Appeal with the Clerk of U.S. District Court pursuant to Rule 4(b) F.R.A.P.

                                                                       Gregory G. Costanza, Esq.