John H Michael Schneider, Jr.
Defendant
543 Camino De Orchidia
Encinitas, CA. 92024
760-828-0754
omnineuro@live.com
Pro Se representation for defendant

FILED

AUG 27 2018

Clerk, U.S. Courts
District Of Montana
Billings Division

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff ) | D.C. No. CR 17-77-BLG-SPW |
| ) | U.S. District Court for Montana, |
| ) | Billings |
| vs. ) | |
| ) | |
| ) | APPLICATION FOR STAY OF SENTENCE PENDING APPEAL TO THE NINTH CIRCUIT COURT OF APPEALS |
| John Henry Michael Schneider, Jr, ) | |
| ) | |
| Defendant ) | |
| ) | |

Defendant John Henry Michael Schneider Jr respectfully submits this application as a pro se defendant in the above matter pursuant to local rules 33a, 33b1, 35a, 38b1, and 18 U.S.C 3556, requesting a stay of sentence pending appeal to the ninth circuit court of appeals filed on 27 August 2018.

Argument

On 15 August 2018 John H Schneider was sentenced to 24 months custodial care having plead guilty to count III of the superseding inditement 18 U.S.C. 152 (1) and ordered to pay restitution to the bankruptcy estate of John H Schneider. John H Schneider submitted an appeal of this sentence based upon ineffective defense counsel during the entirety of proceedings related to this case. As illustrated within the appeal, defendant John H Schneider was not granted his constitutional sixth amendment rights to effective counsel during the investigation of charges, in response to prosecutions spurious presentencing memorandum, and during the sentencing hearing held in Montana Federal Court Billings on 15 August 2018. This resultant assertion that based upon past civil conflicts, John H Schneider was guilty of a protracted criminal mind and intent, as concluded by the Honorable Judge Waters so noted in the record.

It is incumbent upon effective counsel to object and enter into evidence substantial documentation that would dispel the derogatory and nonfactual conclusion proffered by the prosecution. This caused the honorable judge Waters to conclude that all of the assertions offered by prosecution, adversarial personal injury attorney and adversarial bankruptcy trustee as a member of the court, were true in their representation. The Honorable judge Waters thus inferred that Schneider was guilty of extensive past criminal planning, activity, and *mens rea*, despite defendant Schneider having never been charged for any previous crime or ever having a judgement of civil liability entered against him in the *Biles, Monaco* or NRIC matters. As the record demonstrates, this lack of preparation, inadequate rebuttal, and failure to object to the submitted testimony substantially biased and caused extreme prejudice toward defendant

Schneider when the Honorable Judge Waters considered the § 3553 factors in imposing a sentence.

Defendant's counsel's performance fell below an objective standard of reasonableness and thereby prejudice defendants ability to receive an unbiased and fair defense and sentencing hearing by failing to argue mitigating factors favoring downward variance from the federal guideline sentencing recommendations as set forth in the Departure and Variance Primer authored by the Office of the General Counsel U.S. Sentencing Commission, particularly by not arguing for the application of downward departures including, but not limited to, subsections 5K2.10, 5K2.12, 5K2.13, and 5K2.20. In addition, defendant's sentence, regardless of guideline recommendations, was substantively unreasonable as a result of defendant's counsel's failure to present relevant cases of similar conduct to the District Court ensuring consistent legal conclusions based upon the single criminal act of defendant, and not inferred extraneous compounding criminal conduct concluded by the Honorable Judge Waters. As noted, defendant Schneider plead guilty to a single count 18 U.S.C. 151 (1), however was assumed guilty of 18 U.S.C. 151 (2) and additional unrelated "criminal mind" by the court.

Likelihood of Successful appeal –

Defendant Schneider is confident that new criminal defense attorney replacing Schneider as a pro se applicant will convince the ninth district court of appeals that defendant's retained counsel was ineffective and negligent, and that Schneider suffered prejudice and severe bias from the court during sentencing. Defendant intends on introducing substantial evidence neglected by prior defense counsel for rebuttal to the Court's conclusions regarding the criminal activity and

character of John H Schneider. Pursuant to rule 10(e)(2)(C) of the Federal Rules of Appellate Procedure, Rule 201 of the Federal Rules of Evidence, and the inherent equitable authority of the federal courts of appeals, this evidence will successfully award defendant Schneider's prayer for relief to include: vacate of the original plea agreement and proceed with trial, or at the very least, a resentencing award allowing effective counsel adequate time to object and introduce evidence to the court refuting misleading and factually incorrect and spurious testimony by prosecution and adverse parties to defendant Schneider.

Pursuant to a ruling from the federal court of appeals, it would be unjust to remand Defendant John H Schneider into custody during the appellate proceedings and defendant John H Schneider respectfully requests the court Stay current sentence until this matter is resolved.

Respectfully Submitted this 27th day of August 2018

_____
John H. Michael Schneider, MD, MS-ADR
Defendant and *pro se* Appellant

CERTIFICATE OF SERVICE

I, Gregory G. Costanza, hereby certify that on August 27th, 2018, I filed the foregoing Application for Stay with the Clerk of U.S. District Court pursuant to Rule 4(b) F.R.A.P.

_____
Gregory G. Costanza, Esq.