**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Colin.Rubich@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**JOHN HENRY SCHNIEDER,**<br><br>Defendant. | **CR 17-77-BLG-SPW**<br><br>**GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S APPLICATION FOR STAY OF SENTENCE PENDING APPEAL** |

The United States, represented by Assistant U.S. Attorney Colin M. Rubich, files the following in response to the defendant's pro se application for stay of sentence pending appeal dated August 27, 2018. Pursuant to 18 U.S.C. § 3143(b), the defendant does not qualify for a stay of his sentence. This appeal is for the purpose of delay and does not raise a substantial question of law or fact that is

1

likely to result in a reversal or other sentence reduction. Moreover, given the defendant's refusal to answer his original summons and his close proximity to the national boarder, the United States reasserts the defendant is a risk of flight. As such, the defendant's application should be denied.

## ARGUMENT

Requests by a defendant to stay a sentence of incarceration pending appeal are governed by 18 U.S.C. § 3143(b). That section states:

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> >
> > > (i) reversal,
> > >
> > > (ii) an order for a new trial,
> > >
> > > (iii) a sentence that does not include a term of imprisonment, or
> > >
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of

> this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

The United States maintains that the defendant is a flight risk, as it did at the defendant's sentencing hearing. Nevertheless, even if the court were to conclude that he is not a risk of flight or a danger to the community, the defendant clearly does not qualify for a stay under 18 U.S.C. § 3143(b)(1)(B).

The defendant's only identified objection or complaint is a claim of ineffective assistance of counsel. Beyond the fact that such a claim is entirely meritless, such a claim is not a substantial question of law that is likely to result in any mitigation of his sentence. His counsel did an excellent and wholly competent job of representing him, and the defendant would not have obtained a better result with another attorney. The fact that the defendant was sentenced to the low end of the advisory guideline is clear evidence of this.

Moreover, the defendant, with full knowledge of the consequences, signed a waiver of appeal that now procedurally bars him from pursuing an appeal at the Ninth Circuit. The United States will be filing a motion to dismiss the appeal with the Ninth Circuit and fully expects that it will be granted. As such there is no conceivable scenario in which the defendant's appeal will result in a reversal or reduced sentence.

18 U.S.C. § 3143(b)(1)(B) states, in part, "that the appeal is not for the purpose of delay." Given the lack of merit or standing the defendant has identified

in this application or his notice of appeal, the United States believes that the appeal has little purpose but to delay the just imposition of the sentence. Under such circumstances, the defendant's application should be denied.

## CONCLUSION

The defendant has not met the requirements of U.S.C. § 3143(b), and his application should be denied.

DATED this 28th day of August, 2018.

                                                KURT G. ALME
                                                United States Attorney

                                                /s/ *Colin M. Rubich*
                                                COLIN M. RUBICH
                                                Assistant U.S. Attorney

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2) and CR 47.2, the attached Answer is proportionately spaced, has a typeface of 14 points or more, and the body contains 664 words.

/s/ *Colin M. Rubich*
COLIN M. RUBICH
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2018, a copy of the foregoing document was served on the following persons by the following means:

John Henry Schneider
543 Camino De Orchidia
Encinitas, CA 92024

( )   CM/ECF
( )   Hand Delivery
(X)   U.S. Mail
( )   Overnight Delivery Service
( )   Fax
( )   E-Mail

/s/ *Colin M. Rubich*
COLIN M. RUBICH
Assistant U.S. Attorney