John H. Michael Schneider, Jr.
543 Camino De Orchidia
Encinitas, CA. 92024
760-828-0754
omnineuro@live.com
Pro Se Defendant-Appellant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff/Appellee ) | D.C. No. CR 17-77-BLG-SPW |
| ) | U.S. District Court for Montana, |
| ) | Billings |
| vs. ) | |
| ) | DEFENDANT'S REPLY BRIEF |
| ) | TO OBJECTION OF STAY OF |
| ) | SENTENCE |
| John Henry Michael Schneider, Jr, ) | |
| ) | |
| Defendant/Appellant ) | |
| ) | |

Comes now, Defendant/Appellant Dr. John H. Schneider, hereby replies to the Plaintiff's Response objecting to Defendant's Motion for Stay of Sentencing Pending Appeal. Moreover, because this court issued its Order prior to the expiration of the time to file this Reply brief pursuant to C.R. 47.2(a), Defendant Schneider moves this court to vacate its Order Denying Stay (Doc. 56), or to reconsider, alter or amend its Order.

The Plaintiff offers no cogent argument to convince the Court to deny Defendant's Motion for Stay of Sentence and instead relies on conclusory statements without supporting evidence. Although the Plaintiff believes

1

Defendant's prior counsel did a 'good job', such a statement is self-serving and lacks analysis. The Plaintiff simply fails to address the fundamentals of Defendant's Motion to Stay the Sentence pending appellate review of the important issues raised in Defendant's Notice of Appeal.

The Plaintiff further erroneously argues that because Defendant Schneider received a sentence at the low-end of the calculated Guideline range for a guilty plea to criminal count III of the superseding indictment, that it automatically follows that the sentencing was appropriate, fair, and unobjectionable. The Plaintiff fails to acknowledge the importance of adhering to the 18 U.S.C. § 3553 sentencing factors and the Federal Sentencing Guidelines, including the guidelines set forth in the *Departure and Variance Primer* by the Office of the General Counsel U.S. Sentencing Commission with respect to the variance parameters to be considered when sentencing persons convicted under similar circumstances to Defendant.

The Plaintiff also fails to recognize the errors made by Defendant's counsel in calculating and applying damages under USSG §2B1.1 and as described in ¶6 of the Plea Agreement, and therefore the inherent errors in the base offense level of the USSG that led to the Guideline range. Furthermore, Plaintiff continues to inappropriately malign Defendant/Appellant, as typified in the presentencing memorandum and sentencing allocution by Plaintiff.

By arguing that Defendant Schneider is a flight risk, Plaintiff ignores the conclusions of the U.S. District Court for the Southern District of California and the Ninth Circuit Court of Appeals, who unanimously agreed that Defendant/Appellant

is not a flight risk. These courts concluded that the Defendant was to be released on his own recognizance without bail after his arrest, and to self-surrender to custodial care. Despite Plaintiff's unfounded bias and prejudicial allegations, Defendant has already twice dutifully complied with his self-surrender obligations. Moreover, Defendant Schneider offers to wear a GPS location device at all times pending the appellate court's ruling of Defendant's appeal, should this court find it appropriate.

> I. **DEFENDANT SCHNEIDER'S APPEAL RAISES SUBSTANTIAL QUESTIONS OF LAW OR FACT AND IS LIKELY TO RESULT IN REVERSAL OF THE UNDERLYING SENTENCE**

The Defendant's appeal is based on substantive and undisputed evidence demonstrating that Defendant Schneider was deprived of effective assistance of counsel and good faith adherence to the Plea Agreement which was breached by Plaintiff. Defendant's Notice of Appeal argues substantial ineffective assistance of counsel dating back to the inception of Defendant's representation in this criminal case through Defendant's sentencing, including substantial errors committed by Plaintiff that were in breach of the Plea Agreement.

The Defendant requests that this Court and the Ninth Circuit Court of Appeals recognize Fed. R. Evid. Rules 103 and 201, allowing notice by a court of plain error affecting a substantial right, even if the claim of error was not properly preserved (Fed. R. Evid. 103(e)) and allowing judicial notice of adjudicative facts (Fed. R. Evid. 201) that refutes the spurious implications arising from Plaintiff's allocution and the testimony of unsworn and unexamined witnesses presented by

Plaintiff, both of which caused severe prejudice and undue bias during the sentencing hearing of Defendant Schneider on August 15, 2018.

In addition, Fed. R. App. P. Rule 10(b) and (e), governing the record on appeal, permits parties to correct an "unsupported finding or conclusion" or material omissions from the record or misstatements in the record by "error or accident." These rules ensure that the appellate court considers the same information that the trial court considered when making its ruling, even if the formal record or transcript from the trial court fails to accurately reflect what the trial court considered in the case.

In addition to the district court's authority to correct or modify the record, the court of appeals has the authority to permit supplementation of the record under Fed. R. App. P. Rule 10(e), and as part of the court's inherent equitable powers. See *More Light Invs. v. Morgan Stanley DW Inc.*, 415 Fed. App 1, 2 (9th Cir. 2011)(denying the motion to strike new evidence from the excerpts of record since "this is the extraordinary case in which the documents are helpful to the court and are not prejudicial to either party" and holding that, "it was necessary to consider all of them after finding that 'misrepresentation[s]' of facts by the appellee had left the district court with an 'incomplete picture of the [alleged] infringement'"). Accordingly, Defendant Schneider requests that this court take notice of the documents described below and attached to this Reply.

Defendant's ineffective counsel Smith possessed ample evidence to defend against all allegations proffered by Plaintiff and Plaintiff's witnesses in the

superseding indictment, but Smith failed to present this relevant evidence to defend Schneider and mitigate the unfounded and prejudicial assertions made by Plaintiff and its witnesses through the criminal indictment.

For example, Defendant's ineffective counsel erroneously failed to present or adequately advise Defendant Schneider on critical evidence pertaining to the facts surrounding ownership of account 2881 at issue in this case, including the Defendant's state of mind when the account was opened, and the significance of the fiduciary and controlling responsibility borne by Kathleen Burrows, as trustee of the Schneider family children and their estate, while controlling funds in account 2881 and isolated by Plaintiff as the criminal fraudulent behavior of the Defendant. At the very least, effective counsel could have demonstrated that account 2881 was equally owned by Michelle Schneider (See Exhibit A, pg. 1; Exhibit R, pg. 254). Therefore, the total amount trustee Womack could claim for the bankruptcy estate of Defendant Schneider from account 2881 was approximately $154,500, or half the amount actually asserted in this case as the correct restitution amount. The economic valuation of criminal fraud charges, pursuant to 18 U. S. C. § 3742 (a)(3), affects the correct base offense level for calculating the Guideline range of count III of the superseding indictment. This sentencing error alone requires the Ninth Circuit Court Of Appeals to remand the case back to the District Court and allow Defendant Schneider to argue the facts that were simply neglected by Defendant's former counsel Smith.

As a further example, Defendant's former counsel could have introduced evidence demonstrating that the captive Northern Rockies Insurance Company (NRIC) properly paid out of its reserves for legitimate medical malpractice claims and followed appropriate medical malpractice claims management and administrative management of the Board of Medicine proceedings against Defendant Schneider. (See Exhibit B, pg. 22). Exhibit B reflects these financial transactions and wholly refutes the misleading and inaccurate testimony by Plaintiff, trustee Womack, and the creditor's attorney who were all adverse to Schneider during the presentencing memorandum and allocutions at the sentencing proceedings. Furthermore, dates memorializing the flow of funds (Exhibit B, pg. 22 and Exh. C, pg.26) clearly demonstrate that NRIC funds were not used to pay a settlement in the *Biles v. Schneider* litigation, contrary to the unrefuted assertions made by Plaintiff. NRIC remained a fully funded entity for 10 months (See Exhibit D, pg. 43) following the *Biles v. Schneider* litigation settlement and continued to provide medical malpractice coverage in covered territories for Dr. Schneider. (See also, Exhibit E, pg. 46; Exh. F, pg. 62; and Exh. G, pg.81).

In addition, Defendant's former counsel could have introduced evidence defending Schneider against the inflammatory testimony from personal injury and medical malpractice complainants and alleged victims. Plaintiff and bankruptcy trustee Womack alleged that the bankruptcy claimants were "deserving creditors" without proof of their underlying claims. Effective counsel would have objected to this testimony and would have offered into evidence substantial documentation

demonstrating that Schneider had no liability in these cases, particularly in the *Monaco v. Schneider* litigation, thus establishing that personal injury claimants submitted frivolous claims in bankruptcy court. (See Exhibit H, pg. 83; Exh. I, pg. 91; and Exh. J, pg. 96). These facts will reverse the Honorable Judge Watters' opinion on "making these victims whole," rendering victim statements from Monaco family members irrelevant during any future sentencing proceedings. Because Defendant's ineffective counsel Smith failed to defend against the Monaco family's accusations in any manner, he further caused the District Court to suffer severe bias and prejudice against Defendant Schneider during the sentencing hearing. Defendant Schneider's counsel erroneously permitted the admission of statements by the Monaco family "victims," which were particularly inflammatory and constituted an act of bad faith by Plaintiff under the Plea Agreement, who subsequently argued that Defendant Schneider deserved a harsher penalty than the Plea Agreement outlined because of these inflammatory statements, when in fact Plaintiff possessed substantial evidence refuting those claims. (See Exh. K, pg. 132).

Defendant's former counsel Smith could have demonstrated that Defendant Schneider did not engage in any criminal activity in the *Biles v. Schneider* lawsuit. Once the District Court reviews said evidence, the Court can only conclude that Defendant Schneider did not have a "criminal mind" during this or any previous litigation. (See, e.g., Exhibit L, pg. 158).

Defendant's former counsel could have impugned the testimony of trustee Womack by arguing that Schneider's Chapter 7 schedules accurately reflected the

assets available to the bankruptcy trustee of nearly $2,000,000, after discounting speculative litigations claims. The final value of the bankruptcy estate of Schneider was approximately $1.9 million dollars before restitution. Defendant's former counsel could have demonstrated that Defendant Schneider expected his revocable trust, valued at $1,407,169.00, to be liquidated by trustee Womack. (See Exhibit M, pg. 221). Additional asset ownership in securities and real estate would bring the overall value, without litigation, to $1,700,000. Effective counsel will defend against spurious allegations by Womack in attempt to prejudice the Court against § 3553 considerations.

As outlined in Exhibit N, pg. 235, Womack acted deceptively and failed in his fiduciary duties to represent the creditors' best interests by seeking personal wealth over his duties to the bankruptcy estate. By litigating the bankruptcy with the AP 15-15 complaint, Womack secured, at the expense of creditors, over $1,200,000 for the bankruptcy trustee and their lawyers. The creditors themselves objected to Womack's self-enrichment. (See Exhibit O, pg. 243).

In further support of a stay, ineffective counsel Smith and the probation service office failed to complete their investigation of Defendant Schneider's disclosure of a remote past arrest in 1991, severely affecting Defendant's BOP designation for incarceration. Schneider's former counsel finalized paperwork to the BOP ignorant of the impact incomplete potential criminal disclosures have on the disposition of a convict's risk level designation and therefore their location of incarceration. Ineffective counsel Smith represented himself as seasoned and

experienced, however this basic mistake severely prejudices and biases Defendant Schneider by designating him a moderate risk vs. the more appropriate designation as a low risk prisoner, thus causing harsh and severe conditions for Schneider during his incarceration. Defendant easily located this information post sentencing on the internet and provided documents to both former counsel and the probation service office. This mistake punctuates the laissez-faire attitude by prior counsel while defending against Defendant's criminal accusations, and during all proceedings related to the superseding indictment. (See Exhibit P, pg. 247, and Exh. Q, pg. 251).

The overwhelming evidence of ineffective counsel argued before the Ninth Circuit Court of Appeals will convince the District Court that Defendant Schneider was not afforded his Sixth Amendment right to effective assistance of counsel during the criminal proceedings, prior to entering the plea agreement, and during the subsequent sentencing on count III of the superseding indictment, including ineffective assistance in response to violations of the Plea Agreement by Plaintiff.

Based on the clear and convincing evidence attached hereto and pursuant to 18 U.S.C. § 3143(b), Defendant Schneider's appeal raises substantial questions of law or fact and is likely to result in reversal of the underlying sentence, an order for a new trial, or a sentence that does not include a term of imprisonment. Therefore, for the reasons set forth herein, Defendant Schneider respectfully requests that the Hon. Judge Watters issue a Stay of Imposition of the Sentence filed on the 16th

August 2018, until the Ninth Circuit Court of Appeals has a chance to rule on the issues presented in the Appellant's Notice of Appeal.

Respectfully submitted this 4th day of September 2018,

_____
John H. Michael Schneider, Jr.
Pro-Se Defendant/Appellant

  /s/ Gregory G. Costanza
Gregory G. Costanza, Esq.
Granite Peak Law, PLLC
Limited Scope Attorney for Pro-Se Defendant

CERTIFICATE OF SERVICE

    I, Gregory G. Costanza, hereby certify that on the 4th day of September 2018, I filed the foregoing Reply to the following individuals via the means indicated below.

Colin M. Rubich                                                                           CM/ECF

Assistant United States Attorney