EXHIBIT C

Biles v. Schneider redacted settlement.

## Full And Final Settlement Agreement
## And Mutual Release Of All Claims

THIS FULL AND FINAL SETTLEMENT AGREEMENT AND
MUTUAL RELEASE OF ALL CLAIMS (the "Settlement Agreement") is ef-
fective as of the 7th day of May, 2012, by and between the following identified
persons and entities, all of whom are collectively referred to herein as "the
parties" with reference to the facts and for the considerations hereinafter set
forth. The parties are:

- Jimmie G. Biles, Jr., MD ("Biles");
- Lisa Shaurette Fallon ("Fallon");
- John H. Schneider, Jr., MD;
- Michelle Schneider;
- John H. Schneider, Jr., MD, P.C., a dissolved Montana corpora-
  tion;
- Northern Rockies NeuroSpine, P.C, a Wyoming corporation;
- BSC, LLC, a dissolved Wyoming limited liability company; and
- Schneider Limited Partnership, a Wyoming limited partnership.

Parties John H. Schneider, Jr., MD, Michelle Schneider, John H. Schneider,
Jr., MD, P.C., Northern Rockies NeuroSpine, P.C., BSC, LLC and Schneider
Limited Partnership all together are referred to herein as "Schneider".

R E C I T A L S:

A.     Biles initiated and has pending in U.S. District Court, District of
Wyoming, the following two cases: *Jimmie G. Biles, Jr., MD v. Lisa
Shaurette Fallon*, Civil No. 11-CV-294-F, and *Jimmie G. Biles, Jr., MD v.
John Henry Schneider, Jr., MD, Michelle Rene Schneider, husband and wife,
and John Henry Schneider, Jr., MD, P.C.*[1], Civil No. 11-CV-366-F (both cases
hereinafter referred to as the "Litigation").

B.     The parties have agreed to compromise and settle any and all
claims which have been or which could have been asserted in the Litigation
by or against any other party hereto, and have agreed to enter into this Set-
tlement Agreement to end all disputes between the parties, and to resolve

---

[1]John Henry [sic] Schneider, Jr., MD, PC is a dissolved Montana corporation. John H.
Schneider, Jr., MD, P.C. [correct name] was dissolved in 2011 because it had no continuing
business activity. Schneider in 2008 created Northern Rockies NeuroSpine, P.C., a Wyoming
corporation, to operate the medical practice which formerly had been operated as John H.
Schneider, Jr., MD, P.C.

fully all controversies which exist, have existed or may exist in the future between them arising from or related in any way to any of the allegations, claims, facts or circumstances involved in any way in the Litigation.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.      For and in consideration of the undertakings and mutual covenants contained herein, the parties, and each of them, do hereby release, remise, acquit and forever discharge each of the other parties hereto, their owners, directors, officers, shareholders, members, employees, agents, consultants, attorneys, servants, representatives, affiliates, successors and assigns, and all of them, from any and all claims, demands, actions, causes of action, suits, losses, damages, costs, expenses, compensation, and liabilities of every kind and nature, whether now known or unknown, presently or prospectively maintainable, accrued or unaccrued, fixed or contingent, arising out of, related to, or in any way connected with the allegations, claims, facts and circumstances involved in any way in the Litigation.

2.      In consideration of the releases, understandings and representa-

REDACTED
TERMS OF
Settlement

REDACTED
Terms of
Settlement

REDACTED
Terms of
Settlement

3.      The parties agree to keep the details and amount of the settlement confidential, including keeping all matters not currently in the public record (defined as the Court files and documents or newspapers) confidential, and they will not reveal confidential matters to any persons or entities unless required to do so according to law. It is specifically stated that this provision will not prevent any party from testifying in any proceeding if required to do so according to law. Nothing in this Settlement Agreement prevents any party from testifying truthfully as required or instructs him to testify in a particular manner. Moreover, the parties may disclose the terms of this Settlement Agreement to their own professionals (i.e., lawyers, accountants, tax specialists) employed as necessary for professional advice. In the event of a request from a third party for confidential information, Biles and his counsel, the Spence Law Firm, agree to send notice of the request within two business days via email to laurence@bonnerstinsonpc.net and also by certified mail to Bonner Stinson, P.C., 1421 Rumsey Avenue, Cody, Wyoming 82414. If new counsel is designated for Schneider, Biles and his counsel shall be immediately informed, and whomever Schneider designates will be substituted. By sending the notice via email and certified mail as prescribed herein, notice is deemed received. Biles and his counsel will comply with any lawful request for information unless a motion to quash/protective order is timely filed with the appropriate court. The confidentiality provision is material, and upon proof of an improper revelation of any confidential matter, the parties agree the offending party will pay the other party a liquidated damage payment of $250,000.00.

4.      On or before 5 p.m. May 9, 2012, the Spence Law Firm shall provide to Bonner Stinson, P.C., written certification that the Spence Law Firm has disclosed to Bonner Stinson, P.C. all documents in its possession or control involving communication of any kind between Lisa Fallon and either John H. Schneider, Jr., MD or Michelle Schneider.

5.     The parties together will inform the US District Court (Judge Freudenthal), the US Attorney and the Park County Attorney that the Litigation has been settled and all matters therein are fully resolved. In addition, on or before 5 p.m. May 9, 2012, Biles, through his counsel, will provide a letter to be provided to the above persons which states, "The matter has been completely and finally settled, and I am satisfied with the resolution. My lawsuit is finished, and I believe it was settled in a satisfactory manner. It is done as far as I am concerned." The parties together will request a telephone hearing before Judge Freudenthal to occur as soon as possible following execution of this Settlement Agreement. During the telephone hearing, the parties will make the communication identified herein to Judge Freudenthal. The parties together will request that due to the nature of the 3.3 disclosure on April 26, 2012, that the transcript of that hearing (a) be sealed and (b) not be further disclosed. Except for the communications specified herein to Judge Freudenthal, the Park County Attorney and the US Attorney, if the press or anyone else requests of Biles or his counsel (the Spence Law Firm), Schneider or its counsel (Bonner Stinson, P.C.) or Fallon or her counsel (Williams, Porter, Day & Neville) a statement or other information about the settlement or its terms, the parties and their counsel will state only that the case is settled, the terms are confidential and that they have no further comment concerning the matter.

6.     The parties agree not to disparage each other personally or professionally or to use surrogates or other entities to do the same. This Settlement Agreement fully ends their dispute and puts this matter behind them.

7.     The parties executing this Settlement Agreement covenant each to the other that the terms of the Settlement Agreement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final accord and satisfaction and compromise of any and all claims, disputed or otherwise, on account of the above-mentioned controversies, disputes, differences and claims and for the express purpose of precluding forever any further or additional claims arising out of said controversies, disputes, differences and claims, and that each of them shall sign and execute the same as its own free act and deed, it being expressly understood and warranted that the persons who shall sign and execute this document on behalf of each party are acting with the full knowledge, consent and approval of such parties, and that such persons are authorized and empowered, whether by appropriate bylaw or resolution, to bind said parties to this Settlement Agreement.

8.     This Settlement Agreement contains the entire agreement between the parties with respect to the subject matter hereof, and the terms

hereof are contractual and not a mere recital. All communications, negotiations, representations or understandings by or between the parties are reflected in this Settlement Agreement, and no additional terms or conditions are set forth other than those expressly incorporated into and represented in this Settlement Agreement. Should any of the terms, conditions or provisions of this Settlement Agreement be determined unenforceable and/or void, the remaining terms, conditions and provisions set forth herein shall remain in full force and effect.

9.     This Settlement Agreement may be signed in counterparts, each of which shall be effective as an original. Facsimile or email copies of signatures shall be effective as an original.

10.     Upon completion of all contingencies and full payment of all settlement funds, the parties and/or their attorneys shall sign and file all documents necessary to accomplish the dismissal with prejudice of the Litigation, each party to bear its own costs and attorney's fees.

11.     Should any party be required to undertake valid legal action to enforce the terms of this Settlement Agreement, the non-prevailing party in such action shall be required to pay the reasonable legal costs, including attorney's fees, of the prevailing party.

12.     This Settlement Agreement shall be binding upon and shall inure to the benefit of the respective representatives, wards, agents, owners, directors, officers, employees, servants, affiliates, successors and assigns of the parties hereto.

13. .   This Settlement Agreement shall be interpreted, construed and enforced in accordance with the laws of the State of Wyoming.

IN WITNESS WHEREOF, the parties hereto have duly executed and delivered this Settlement Agreement effective as of the day and year first above written.

JIMMIE G. BILES, JR., MD

_____          _____
Signature                                       Date          5/9/12


STATE OF WYOMING        )
                                               ) SS.
COUNTY OF PARK            )

Subscribed and sworn to before me this ___9___ day of May, 2012, by Jimmie G. Biles, Jr., MD, to me personally known.

WITNESS my hand and notarial seal.

[notary seal: Teresa Van... COUNTY OF PARK, STATE OF WYOMING, MY COMMISSION EXPIRES JUNE 15, 2015]

_____
Notary Public

My Commission Expires:

June 15, 2015

JOHN H. SCHNEIDER, JR., MD

_____        5.9.2012
Signature                      _____
                               Date

MICHELLE SCHNEIDER

_____        5-9-2012
Signature                      _____
                               Date


STATE OF WYOMING         )
                         ) SS.
COUNTY OF PARK           )

     Subscribed and sworn to before me this _9th_ day  of  May,  2012,  by
John H. Schneider, Jr., MD and Michelle Schneider, to me personally known.

     WITNESS my hand and notarial seal.

CHRISTINE K. EDWARDS  NOTARY PUBLIC
COUNTY OF          STATE OF
PARK               WYOMING
MY COMMISSION EXPIRES JANUARY 26, 2016

_____
Notary Public

My Commission Expires:

_Jan. 26, 2016_____

Full And Final Settlement Agreement And Mutual Release Of All Claims – Page 8 of 14

**NORTHERN ROCKIES NEUROSPINE, P.C.**

By: _____ MD

Title: President

Date: 5.9. 2012


STATE OF WYOMING          )
                          ) SS.
COUNTY OF PARK            )

    Subscribed and sworn to before me this 9th day of May, 2012, by John H. Schneider, Jr., President _____ of Northern Rockies NeuroSpine, P.C., a Wyoming corporation, to me personally known.

    WITNESS my hand and notarial seal.

CHRISTINE K. EDWARDS  NOTARY PUBLIC
COUNTY OF PARK   STATE OF WYOMING
MY COMMISSION EXPIRES JANUARY 26, 2016

My Commission Expires:

_____ Notary Public

Jan. 26 , 2016

JOHN H. SCHNEIDER, JR., MD, P.C.

By: _____ MD

Title: _____President_____

Date: _____5 . 9 . 2012_____


STATE OF WYOMING          )
                          ) SS.
COUNTY OF PARK            )

    Subscribed and sworn to before me this 9th day of May, 2012, by John H. Schneider, Jr., _____President_____ of John H. Schneider, Jr., MD, P.C., a dissolved Montana corporation, to me personally known.

    WITNESS my hand and notarial seal.

CHRISTINE K. EDWARDS  NOTARY PUBLIC
COUNTY OF            STATE OF
PARK                 WYOMING
MY COMMISSION EXPIRES JANUARY 26, 2016

_____
Notary Public

My Commission Expires:

_____Jan. 26, 2016_____

BSC, LLC

By: _____

Title: Managing Partner

Date: 5.9.2012


STATE OF WYOMING      )
                      ) SS.
COUNTY OF PARK        )

    Subscribed and sworn to before me this 9th day of May, 2012, by John H. Schneider, Jr., Managing Partner of BSC, LLC, a dissolved Wyoming limited liability company, to me personally known.

    WITNESS my hand and notarial seal.

CHRISTINE K. EDWARDS   NOTARY PUBLIC
COUNTY OF PARK          STATE OF WYOMING
MY COMMISSION EXPIRES JANUARY 26, 2016

_____
Notary Public

My Commission Expires:

_____Jan. 26, 2016_____

**SCHNEIDER LIMITED PARTNERSHIP**

By: _____

Title: MANAGING PARTNER

Date: 5.9.2012

STATE OF WYOMING      )
                      ) SS.
COUNTY OF PARK        )

Subscribed and sworn to before me this 9th day of May, 2012, by John H. Schneider, Jr., _Managing Partner_ of Schneider Limited Partnership, a Wyoming limited partnership, to me personally known.

WITNESS my hand and notarial seal.

CHRISTINE K. EDWARDS   NOTARY PUBLIC
COUNTY OF PARK   STATE OF WYOMING
MY COMMISSION EXPIRES JANUARY 26, 2016

_____
Notary Public

My Commission Expires:

Jan. 26, 2016

LISA SHAURETTE FALLON

_____ Signature

STATE OF INDIANA     )
                     ) ss.
COUNTY OF Marion     )

Subscribed and sworn to before me this 10th day of May, 2012, by Lisa Shaurette Fallon, to me personally known.

WITNESS my hand and notarial seal.

_____ Notary Public

Carl J. Stavreti

My Commission Expires:

11-29-2012

OFFICIAL SEAL
CARL STAVRETI
NOTARY PUBLIC — INDIANA
MARION COUNTY
My Comm. Expires 11/29/2012

Full And Final Settlement Agreement And Mutual Release Of All Claims — Page 9 of 14

APPROVED BY:

_____

R. Daniel Fleck, counsel for Biles

_____

Bradley D. Bonner, counsel for Schneider

_____

Craig Silva, counsel for Fallon

APPROVED BY:

_____

R. Daniel Fleck, counsel for Biles

_____

Bradley D. Bonner, counsel for Schneider

_____

Craig Silva, counsel for Fallon

APPROVED BY:

_____

R. Daniel Fleck, counsel for Biles


_____

Bradley D. Bonner, counsel for Schneider


_____

Craig Silva, counsel for Fallon