EXHIBIT E

NRIC Business Policy and MT certification of policy

# COMMISSIONER OF SECURITIES & INSURANCE

**MONICA J. LINDEEN**
**COMMISSIONER**



**OFFICE OF THE MONTANA**
**STATE AUDITOR**

RECEIVED JUL 1 3 2012

July 12, 2012

Brenda M. Olson, Manager
Northern Rockies Insurance Company, LLC
27 Gage Terrace
PO Box 510
Bigfork, MT 59911

**RE:    Northern Rockies Insurance Company LLC (NRIC)**
**Business Operations & Personal Injury Policy Approval Request**

Dear Ms. Olson:

This responds to NRIC's letter of July 9, 2012, requesting approval for the company to provide coverage under a Business Operations & Personal Injury Policy in addition to the policies currently provided by NRIC.  The policy has a $3M/year aggregate limit with a $10K deductible per claim and is retroactive.

The CSI approves this business plan change.  Any changes to the information stated above must be approved by the CSI.

Should you have any questions or concerns, please contact me at (406) 444-3566.

Sincerely,

Paula Oswald

Paula Oswald
Captive Insurance Examiner

Phone:  1-800-332-6148 / (406) 444-2040 / Main Fax: (406) 444-3497
Securities Fax: (406) 444-5558 / PHS Fax: (406) 444-1980 / Legal Fax: (406) 444-3499
840 Helena Ave., Helena MT 59601    Website: www.csi.mt.gov    E-Mail: csi@mt.gov

47

NORTHERN ROCKIES INSURANCE COMPANY, LLC

**BUSINESS OPERATIONS & PERSONAL LIABILITY LITIGATION INSURANCE**
**CLAIM-MADE POLICY DECLARATIONS**

| NAMED ASSURED AND MAILING ADDRESS | POLICY NUMBER |
|---|---|
| | NRIC-BOPI1213 |

<table>
<tr><td rowspan="2">John H. Schneider, Jr., MD<br>1739 Spring Creek Lane, Suite 200<br>Billings, MT 59102</td><td>POLICY PERIOD</td></tr>
<tr><td>FROM   07/01/2012<br>TO       07/01/2013<br><br>12:01am STANDARD TIME AT THE ASSUREDS ADDRESS STATED HEREIN.</td></tr>
</table>

**FORM OF BUSINESS**: ( ) Individual    ( ) Joint Venture   ( ) Partnership  (X) Organization Other Than Partnership or Joint Venture

**RETROACTIVE DATE**:  01/01/2005

| COVER | COVER 1: BUSINESS OPERATIONS & PERSONAL INJURY LIABILITY |
|---|---|
| | COVER 2: PURSUIT |

| LIMITS OF INDEMNITY | (i)   $500,000 any one CLAIM for INVESTIGATION COSTS |
|---|---|
| | (ii)  $500,000 any one CLAIM for PROFESSIONAL FEES AND EXPENSES |
| | (iii) $3,000,000 any one CLAIM for DAMAGES |
| | (iv) $3,000,000 for all CLAIMS  made during the POLICY PERIOD |

| EXCESS OF: | $10,000 Any One CLAIM Deductible |
|---|---|

**TERRITORIAL LIMITS**
Worldwide

**SCHEDULES AND ENDORSEMENTS MADE PART OF THIS POLICY**

| TITLE | NUMBER |
|---|---|
| Business Operations & Personal Liability Insurance Policy Form<br>ADDITIONAL ASSURED | NRIC-BOPI1112<br>NRIC-BOPI1112-AI |

**PREMIUM**

Annual Premium        US $125,000

**SIGNATURE**

This POLICY is not valid unless signed by a duly authorized representative of Northern Rockies Insurance Company, LLC.

———————————————            ———————————————
Authorized Representative                    Signature Date

These Declarations together with the POLICY Form(s), SCHEDULE(s) and Endorsements, if any, complete and comprise the above numbered POLICY.

NOTICE: This insurance is issued by a non-admitted insurer.  The Assured is responsible for all premium taxes and fees that may be due to local jurisdictions.

♦ PO Box 510, Bigfork, MT 59911 ♦
Phone: 406-282-0170 ♦ Facsimile: 406-281-7757

NRIC-DEC BOPI1213

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

Various provisions in this POLICY restrict coverage.  Read the entire POLICY carefully in determining rights, duties and what is and is not covered.

Throughout this POLICY the words "YOU" and "YOUR" refer to the Assured shown in the Declarations and any other person or organization qualifying as an Assured under this POLICY. The words "WE", "US", and "OUR" refer to Northern Rockies Insurance Company, LLC.

Other words and phrases that appear in all capital letters have special meaning. Refer to the Definitions section of the POLICY.

## TABLE OF CONTENTS

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM** ...... 1
SECTION I        COVER ................................................................................................... 2
SECTION II       LIMITS OF INDEMNITY ....................................................................... 3
SECTION III      WHO IS AN ASSURED ........................................................................... 3
SECTION IV       EXCLUSIONS .......................................................................................... 4
SECTION V        CLAIM CONDITIONS ............................................................................ 4
SECTION VI       GENERAL CONDITIONS ...................................................................... 8
SECTION VII      DEFINITIONS ......................................................................................... 10

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

# SECTION I COVER

To the extent YOU, as the ASSURED, are entitled to cover as specified in this POLICY, WE will indemnify YOU for PROFESSIONAL FEES AND EXPENSES, INVESTIGATION COSTS, and DAMAGES resulting from an actual or alleged OCCURRENCE committed in the usual and ordinary business operations of the ASSURED, when the first written CLAIM is made by or against any ASSURED during the policy period or Extended Reporting Period for or arising out of:

1. **Cover 1 – BUSINESS OPERATIONS AND PERSONAL INJURY LIABILITY**

    1.1   An ACTION brought against YOU alleging:

    a)   any form of defamation or other tort related to disparagement or harm to the character, reputation or feelings of any person or organization, including libel, slander, product disparagement, trade libel, infliction of emotional distress, outrage or outrageous conduct;

    b)   any form of invasion, infringement or interference with rights of privacy or publicity, include false light, public disclosure of private facts, intrusion and commercial appropriation of name or likeness;

    c)   wrongful entry or eviction, trespass, eavesdropping or other invasion of the right of private occupancy;

    d)   false arrest, detention or imprisonment, abuse of process or malicious prosecution;

    e)   any form of infringement or dilution of title, slogan, trademark, trade name trade dress, service mark or service name; or

    f)   breach of anti-trust, restraint of trade, or intentional interference with economic relations.

2. **Cover 2 - PURSUIT**

    2.1   An ACTION brought by YOU in pursuit of a third party as respects:

    a)   any form of defamation or other tort related to disparagement or harm to the character, reputation or feelings of any person or organization, including libel, slander, product disparagement, trade libel, infliction of emotional distress, outrage or outrageous conduct;

    b)   any form of invasion, infringement or interference with rights of privacy or publicity, include false light, public disclosure of private facts, intrusion and commercial appropriation of name or likeness;

    c)   wrongful entry or eviction, trespass, eavesdropping or other invasion of the right of private occupancy;

    d)   false arrest, detention or imprisonment, abuse of process or malicious prosecution; or

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

    e)      any form of infringement or dilution of title, slogan, trademark, trade name trade dress, service mark or service name.

    f)      breach of anti-trust, restraint of trade, or intentional interference with economic relations.

2.2    The defense of any counterclaim brought against YOU directly relating to an ACTION in respect of Clause 2.1 of this Section.

## SECTION II     LIMITS OF INDEMNITY

OUR total liability under this POLICY shall not exceed the Limits of Indemnity set out in the Declarations as:

    a)  any one CLAIM for INVESTIGATION COSTS;

    b)  any one CLAIM for PROFESSIONAL FEES AND EXPENSES;

    c)  any one CLAIM for DAMAGES

    subject to

    d)  in aggregate for all CLAIMS made during the POLICY PERIOD.

## SECTION III     WHO IS AN ASSURED

1.  YOU are an ASSURED if:

YOU are listed as the Named ASSURED on the Declarations page attached to this POLICY; or

2.  Any other organization the Named ASSURED newly acquires or forms, and over which it maintains ownership or majority interest, will qualify as an ASSURED if there is no other similar insurance available to that organization. However:

    a)  Coverage under this provision is afforded only until the 120th day after YOU acquire or form the organization or the end of the POLICY PERIOD, whichever is earlier; and

    b)  Coverage does not apply to ACTIONS arising out of an offense committed before YOU acquire or form the organization.

3.  No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a named ASSURED in the Declarations or who is not listed as an Additional ASSURED by endorsement to this policy.

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

## SECTION IV        EXCLUSIONS

WE shall have no liability under this POLICY for:

1. Any EXCESS payable by YOU;

2. Any CLAIM arising from an ACTION outside the Territorial Limits;

3. Any CLAIM arising from an ACTION between two or more persons who are ASSUREDS under this POLICY or which is made on behalf of or at the request, direction or assistance of either ASSURED;

4. Any CLAIM for which YOU are entitled to indemnity under any other insurance policy or from any other third party;

5. Any CLAIM brought about by or contributed to, by, or consequent upon:

    a) loss or destruction of, or damage to, any property whatsoever or any loss or expense whatsoever resulting or arising from such loss, destruction or damage including without limitation any consequential loss;

    b) death of or bodily injury to any person; or

    c) breach of any duty owed by YOU in providing any professional service or as a director or officer;

6. Any INVESTIGATION COSTS, PROFESSIONAL FEES AND EXPENSES, liability for DAMAGES, or liability for any security for costs or cross-undertaking in DAMAGES or payment into COURT that are incurred prior to OUR giving consent to a CLAIM or for which WE have not given prior approval;

## SECTION V        CLAIM CONDITIONS

1. <u>Notification</u>

    This POLICY will apply to a written CLAIM first made against any ASSURED after the end of the POLICY PERIOD, but only if all of the following conditions are met:

    1.1.    the OCCURRENCE giving rise to the CLAIM is committed between the RETROACTIVE DATE and the end of the POLICY PERIOD;

    1.2.    WE receive written notice from the ASSURED during the POLICY PERIOD of the OCCURRENCE;

    The notice must include all of the following information:

    a)    the names of those persons or organizations involved in the OCCURRENCE;

    b)    the specific person or organization likely to make the CLAIM:

    c)    a description of the time, place and nature of the OCCURRENCE; and

    d)    a description of the potential DAMAGES

    1.3.    No ASSURED knew prior to the FIRST INCEPTION DATE of an OCCURRENCE, alleged OCCURRENCE or circumstances that could reasonably be expected to lead to a CLAIM; and

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

1.4.   There is no other valid and collectible insurance for the CLAIM.

1.5.   The provisions of the POLICY in effect on the date WE receive notice of the OCCURRENCE will apply to a CLAIM first made after the end of the POLICY PERIOD and arising from a reported OCCURRENCE.

1.6.   Notification of CLAIMS and OCCURRENCES shall be sent to US at:
Northern Rockies Insurance Company, LLC
PO Box 510/27 Gage Terrace
Bigfork, MT 59911

1.7.   YOU shall promptly and fully give US all information regarding such CLAIM or CIRCUMSTANCE that may give rise to an ACTION as WE may request from time to time.


2.   <u>Consent</u>

2.1.   WE must give consent to a CLAIM before any CLAIM can be paid.  Consent will be given if YOU can satisfy US that:

a)   WE have all the information needed to evaluate the CLAIM; and

b)   there are reasonable grounds and prospects of success for the ACTION, taking into account the likely INVESTIGATION COSTS and/or PROFESSIONAL FEES AND EXPENSES incurred in so doing  and that a worthwhile result will probably be achieved taking into account the proportionality of all costs likely to be incurred against the perceived likely result.

2.2.   WE have the right to withdraw the consent granted in Clause 2 of this Section if:

a)   there are no longer reasonable grounds for continuing the ACTION;

b)   YOU act wrongly or unreasonably in dealing with the ACTION and prejudices the ACTION;

c)   the REPRESENTATIVE ceases to represent YOU in the ACTION;

d)   YOU fail to advise US of any third party offer to settle the ACTION whether made verbally or in writing or of any payment into COURT or any verbal or written offer made by YOU or YOUR REPRESENTATIVE to settle the ACTION to include, but not limited to, "without prejudice" correspondence and payments into COURT;

e)   YOU refuse to accept any third party offer to settle the ACTION or accept any payment into COURT which is recommended by YOUR REPRESENTATIVE or by US;

f)   YOU become insolvent and are unlikely to receive or retain any benefit by continuing the ACTION, even if successful.  YOU shall be deemed insolvent:

i)   upon the appointment in relation to YOU of a trustee in bankruptcy, receiver, administrator, administrative receiver, liquidator, or equivalent office holder;

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

      ii)    if YOU have passed a resolution for YOUR winding up or anything similar or analogous happens in relation to YOU.

2.3.    If WE withdraw OUR consent, WE shall, notwithstanding such withdrawal, pay for all INVESTIGATION COSTS, PROFESSIONAL FEES AND EXPENSES, and DAMAGES to which YOU are entitled under this POLICY up to the date of such withdrawal.

2.4.    Notwithstanding OUR refusal or withdrawal of consent, if YOU elect to commence or continue with the ACTION and it is successful, WE shall pay all INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES in accordance with this POLICY as if OUR consent had been given in the first instance, provided that OUR refusal or withdrawal of consent was due to there being no reasonable grounds and lack of prospects of success for the ACTION.

2.5.    If YOU withdraw the CLAIM or cease to discontinue the ACTION without OUR consent, YOU shall pay all INVESTIGATION COSTS, PROFESSIONAL FEES AND EXPENSES, and DAMAGES that arise in relation to such ACTION whether arising before or as a result of such decision.  YOU will reimburse US for any INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES paid by US.

3.    <u>Selection of REPRESENTATIVE</u>

3.1.    After YOU consult with US, YOU must promptly notify US of the name of the professional advisor YOU wish to appoint as the REPRESENTATIVE in any ACTION.

3.2.    If, in the course of the ACTION, YOU wish to appoint an alternative REPRESENTATIVE to act in the further conduct of the ACTION, YOU must obtain OUR written consent.

4.    <u>Obligation to Disclose</u>

4.1.    The REPRESENTATIVE must be given all information and assistance required in relation to the ACTION accepted under this POLICY.  This must include a complete and truthful account of the facts of the case and all relevant documentary and other evidence in YOUR power, possession or control (even where such information or evidence constitutes YOUR confidential information).  YOU must obtain or execute all documents necessary to ensure such access.

4.2.    WE shall be entitled to obtain from the REPRESENTATIVE any information, document, or advice relating to the CLAIM accepted under this POLICY, whether or not privileged.  On request, YOU will give any instructions necessary to ensure such access.

4.3.    YOU must inform US in writing immediately when an offer to settle an ACTION covered by this POLICY is received or made or payment into COURT is made.  YOU must not make any offer to settle any ACTION or enter into any agreements to settle any ACTION without OUR prior written consent.

4.4.    WE shall have the right to make any investigation WE deem necessary, including without limitation, any investigation with respect to the statements made in the proposal form or the information supplied by YOU in connection with the POLICY.

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

5. Conduct of Legal Proceedings

   5.1.   YOU must make all reasonable steps to minimize the cost of the CLAIM, including where appropriate applying for transfer of the ACTION to a lower COURT and assessing the appropriate level of legal representation, and, in all cases where the ACTION is settled in YOUR favor, to seek to recover from any appropriate third party all INVESTIGATION COSTS, PROFESSIONAL FEES AND EXPENSES, and DAMAGES to which YOU are entitled.

   5.2.   If the ACTION includes any application for DAMAGES brought against YOU (and cover for DAMAGES is provided in this POLICY), YOU shall not be required to contest the ACTION unless a specialist counsel experienced in the subject matter in dispute (to be agreed upon by YOU and US, shall advise that on the facts and legal merits of the case, the ACTION should be contested or that a settlement is in YOUR interest.

6. Appeal Procedure

   If YOU wish to appeal against the decision of a COURT, YOU must obtain OUR prior written consent.  In order to obtain such consent, YOU must submit reasons to US as soon as possible, allowing US sufficient time to consider granting consent.  YOU will be informed of OUR decision as soon as reasonably practicable and in any event before the date for submission of the notice of appeal.

7. REPRESENTATIVE's Costs

   Copies of all legal cost bills relating to the ACTION which YOU receive from the REPRESENTATIVE must be forwarded to US without delay.  Although YOU are responsible for payment of all INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES, WE will settle these direct, if requested, provided that the legal cost bills are certified by YOU to the effect that such INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES have been property incurred.  Any payments made shall be made to be made on account, fully reserving OUR rights to have the REPRESENTATIVE's costs assessed at conclusion of the case or at the point of OUR liability ceasing, whichever shall be sooner.

8. Reimbursement

   8.1.   YOU shall use best endeavors to secure an award of costs or DAMAGES in YOUR favor in connection with any COURT judgment or other settlement.  Following an award to YOU of costs or DAMAGES of any nature, or an agreed settlement in YOUR favor, YOU shall promptly reimburse US (up to the amount of such award or settlement) for any INVESTIGATION COSTS, PROFESSIONAL FEES AND EXPENSES, or DAMAGES which WE have paid under this POLICY.

   8.2.   WE shall not seek to recover a sum in excess of OUR obligation in respect of INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES or any sum in excess of the amount of any judgment, award, order, costs, DAMAGES or settlement received by YOU.

   8.3.   If WE have not yet been asked to pay such INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES, but would be obligated to pay such INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES, the

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

amount of INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES shall be reduced by YOUR reimbursement obligations hereunder.

8.4.   Notwithstanding the above, WE shall have a lien on any award, order, costs, DAMAGES, or settlement due to YOU to recover the INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES paid or payable under this POLICY.

## SECTION VI     GENERAL CONDITIONS

1. OUR Liability

   OUR Liability under any and all contracts of insurance evidenced or deemed to be evidenced by this POLICY shall be the liability specified in this POLICY and shall not (save so specified) be varied or deemed varied by virtue of the number or type of persons named as ASSURED or the number of type of CLAIM under this POLICY.

2. Changes

   This POLICY contains all the agreements between YOU and US concerning the insurance afforded. The first Named ASSURED shown in the Declarations is authorized to make changes in the terms of this POLICY with OUR consent. This POLICY's terms can be amended or waived only by endorsement issued by US and made a part of this POLICY.

3. Cancellation

   3.1.   This POLICY may be cancelled at any time at the request of the ASSURED in writing to US (provided that there has been no CLAIM made or any notification of any CIRCUMSTANCE which may give rise to a CLAIM under this POLICY) and on receipt of such a request, the premium paid by YOU shall be adjusted on the basis of OUR receiving or retaining a short rate premium which WE shall determine.  OUR Liability will cease immediately upon cancellation and there will be no days of grace for notification of CLAIM or CIRCUMSTANCES.

   3.2.   WE may also cancel this POLICY on expiry of 30 days' written notice to YOU (or YOUR agent) and in such event WE shall adjust the premium on the basis of OUR receiving or retaining pro rata premium for the earned portion of the POLICY PERIOD. OUR liability will cease immediately upon cancellation and there will be no days of grace for notification of CLAIM or CIRCUMSTANCES.  The named ASSURED shown in the Declarations is responsible for the payment of all premiums and will be the payee for any return premiums WE pay.

4. Fraudulent CLAIM

   If YOU make any CLAIM under this POLICY knowing it to be fraudulent or false in any respect (or in CIRCUMSTANCES where it ought reasonably to be known) or where there is

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

collusion between the parties to the ACTION, this POLICY shall become void, any premium paid for the POLICY shall be forfeited, and no payment shall be made under this POLICY in respect of any CLAIM.

5.   Assignment

YOUR rights under this POLICY may not be assigned without OUR prior written agreement, with such agreement not to be unreasonably withheld.

6.   Notices

Notice under this POLICY shall be deemed given:

6.1.    to US if sent by first class prepaid post to the address given in the Declarations or to such other address as has been notified to YOU for this purpose from time to time;

6.2.    to the Named ASSURED or any other person if sent by post to the last known address.

7.   Subrogation

In the event of any payment by US under this POLICY, WE shall be subrogated to all of YOUR rights of recovery therefore against any person or entity, and YOU shall execute and deliver all instruments and papers and do whatever else is necessary to secure such rights for US.  Furthermore, YOU shall do nothing to prejudice such rights at any time.  Any amount recovered in EXCESS of OUR total payment shall be paid to YOU, less OUR cost of recovery.

8.   Severability

In the event any of the provisions of this POLICY are deemed to be contrary to any applicable law, such provisions shall be deemed to be reformed so as to conform to such law.  The provisions in this POLICY are severable, and the voiding or unenforceability of any provision by operation of law shall not void the entire POLICY, but only such provision.

9.   Allocation

If there are multiple ACTIONS constituting one CLAIM, and if one or more but not all of the ACTIONS are not covered by this POLICY in whole or in part, YOU and WE shall use OUR best efforts to fairly and reasonably allocate INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES (and any DAMAGES) between such ACTIONS.  If YOU and WE are unable to agree upon such an allocation, then the dispute shall be subject to dispute resolution pursuant to Clause 4 of this Section.  In such dispute resolution, no presumption shall exist as to what is a fair and reasonable allocation.  Furthermore, if YOU and WE are unable to agree upon such an allocation, WE shall advance INVESTIGATION COSTS and PROFESSIONAL FEES

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

AND EXPENSES (and any DAMAGES) on YOUR behalf in the proportion that WE believe to be proper until a different allocation is agreed upon by YOU and US, or is determined through dispute resolution pursuant to Clause 4 of this Section.   Any such allocation agreed to or determined by dispute resolution shall be applied retroactively to all INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES (and any DAMAGES) paid with respect to the CLAIM, notwithstanding any prior advancement to the contrary.   Any advancement of Investigation Cost and PROFESSIONAL FEES AND EXPENSES (and any DAMAGES) shall not apply to or create any presumption with respect to the allocation of INVESTIGATION COSTS and PROFESSIONAL FEES AND EXPENSES (and any DAMAGES) on account of any other CLAIM.


## SECTION VII     DEFINITIONS

In this POLICY, words in the singular shall also include the plural and vice versa.  Words in the masculine shall also include the feminine.  Any word or phrase printed in all capital letters shall have the following meaning:

1) **ACTION** means any of the following:

    a) Any legal action which YOU have a right to pursue or the defense of any legal action commenced or threatened against YOU which forms the subject of a CLAIM in accordance with the terms and conditions of this POLICY;
    b) Any appeal against a COURT judgment or COURT decision to which WE have given OUR prior written approval; and
    c) The resisting of an appeal to which WE have given OUR prior written approval.

2) **ASSURED** means:
    a) The Named Assured listed on the Declarations page attached to this POLICY;

3) **CIRCUMSTANCE** means any actual or alleged act, omission, or other event for which:
    a) YOU first becomes aware of  during the POLICY PERIOD;
    b) which occurs within the Territorial Limits;
    c) which has not resulted in an ACTION or may subsequently result in an ACTION at some future date; and
    d) is first reported to US during the POLICY PERIOD in accordance with Section V 1. Notification.

4) **CLAIM** means a request for indemnity made by YOU in respect of an ACTION that arises in and is subject to a jurisdiction within the Territorial Limits.

5) **COURT** means any formally constructed COURT of competent jurisdiction or equivalent tribunal with authority to deliver legally-binding judgments, awards, or orders on the matters at issue within the Territorial Limits.

   **COURT** also means any formal arbitration or dispute resolution conducted by an independent professional arbiter or mediator.

6) **DAMAGES** means:
   a) any sum payable by YOU to compensate another party for loss in connection with any ACTION covered by this POLICY;
   b) interest on amounts included in a) of this definition

   which is awarded by a COURT or agreed as part of a settlement approved in writing by US.

7) **INVESTIGATION COSTS** means any professional fees, expenses, and other disbursements reasonably incurred by YOU or the REPRESENTATIVE with OUR for investigatory work carried out by or on YOUR behalf to determine whether an ACTION exists in connection with any CLAIM under Section I COVER 1 or Section I COVER 2 of this POLICY. Such professional fees, expenses and other disbursements will only be paid on a reimbursement basis providing that an ACTION is shown to exist and WE have accepted the CLAIM in writing. Any and all investigative costs paid by US shall be exclusive of any value added tax (or any equivalent sales tax) recoverable by YOU.

8) **OUR, US**, and **WE** means Northern Rockies Insurance Company, LLC, and OUR representatives..

9) **OCCURRENCE** means acts committed in the usual and ordinary business operations of the ASSURED. OCCURENCES that take place on one or more dates between the RETROACTIVE DATE and the end of the POLICY PERIOD of the last policy issued by US and involve the same or related subject, person or class of persons or have common facts or circumstances or involve similar transactions, infringements, events or decisions, regardless of the number of repetitions, alterations, actions or forms of communications, will be deemed to be the same OCCURRENCE.

10) **POLICY PERIOD** means the period of time in which this POLICY will be in force as specified in the Declarations.

11) **POLICY** means this policy form together with the Declarations, and Endorsements attached to the policy form and any other document expressed to be incorporated by reference. All documents comprising the POLICY shall be read together.

12) **PROFESSIONAL FEES AND EXPENSES** means:

   a) Any professional fees, expenses, and other disbursements reasonably incurred and charged by the REPRESENTATIVE after WE provide in connection with any ACTION, including but not limited to:

      i)   the reasonable fees of expert witnesses;

      ii)  the reasonable attendance expenses of any other witnesses called by the REPRESENTATIVE on YOUR behalf; and

      iii) any reasonable traveling and or subsistence expenses incurred by YOU;

   b) Any legal costs and disbursements incurred by the opponent in connection with any ACTION, to the extent that YOU are held liable by a COURT to pay such legal costs and disbursements, or such legal costs and disbursements have been agreed as part of a settlement;

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE POLICY FORM**

Any and all PROFESSIONAL FEES AND EXPENSES paid by US shall be exclusive of any valued added tax (or equivalent sales tax) recoverable by YOU.

13) **REPRESENTATIVE** means a lawyer, advocate, barrister, patent or trade mark agent, or other appropriately qualified person approved by US and appointed by YOU to act on YOUR behalf in accordance with the terms and conditions of this POLICY.

14) **RETROACTIVE DATE** means the date, if any, stated in the Declarations.

15) **SCHEDULE** means a SCHEDULE attached to and forming a part of this POLICY.

16) **YOU** and **YOUR** means the ASSURED under this POLICY.

IN WITNESS WHEREOF, the Company has caused this POLICY to be signed by its Authorized Representative but this POLICY shall not be valid unless countersigned on the Declarations page by a duly authorized representative of Northern Rockies Insurance Company, LLC.

_____

Brenda M. Olson
Authorized Representative

**BUSINESS OPERATIONS & PERSONAL LIABILITY INSURANCE**

ADDITIONAL ASSURED ENDORSEMENT

---

**ADDITIONAL ASSURED**

| NAMED INSURED AND MAILING ADDRESS | POLICY NUMBER |
|---|---|
| | NRIC-BOPI1213 |

| | POLICY PERIOD |
|---|---|
| John H. Schneider, Jr., MD<br>1739 Spring Creek Lane, Suite 200<br>Billings, MT 59102 | FROM  July 1, 2012<br>TO       July 1, 2013<br><br>12:01am STANDARD TIME AT THE<br>INSUREDS ADDRESS STATED HEREIN |

ADDITIONAL INSUREDS

The following is added as an ADDITIONAL ASSURED:

Northern Rockies Neuro-Spine

1739 Spring Creek Lane, Suite 200

Billings, MT 59102

COUNTERSIGNATURE: This schedule is not valid unless countersigned by a duly authorized Agent of such company.

_____        _____
Signed for the above Company by an Authorized Representative                 Countersignature Date

NRIC-BOPI1112-AI

61