**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff-Appellee,<br><br> v.<br><br>JOHN HENRY SCHNEIDER,<br><br>                Defendant-Appellant. | No. 18-30187<br><br>D.C. No. 1:17-cr-00077-SPW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted July 15, 2019[**]

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

John Henry Schneider appeals from the district court's judgment and challenges the 24-month sentence imposed following his guilty-plea conviction for concealment of bankruptcy assets, in violation of 18 U.S.C. § 152(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Schneider's request for oral argument is, therefore, denied.

Schneider argues that trial counsel was constitutionally ineffective at sentencing for failing to object to (1) the loss calculation under U.S.S.G. § 2B1.1; (2) the introduction and content of victim impact statements; and (3) the district court's alleged failure to properly consider and weigh the 18 U.S.C. § 3553(a) sentencing factors.  We decline to address these claims on direct appeal because the record is insufficiently developed to permit determination of the issues, and Schneider's legal representation was not so inadequate that it obviously denied him his Sixth Amendment right to counsel.  *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

We decline to reach Schneider's additional claims because he did not specifically and distinctly raise and argue those issues in his opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**